J. MARSHALL MILLER, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 297*—*what does not constitute final decree.* An order of reference to a master in chancery for the purpose of having an account stated between the parties is not a final decree, and an appeal will not lie therefrom.

---

## Oscar H. Wylie, Individually and as Trustee, Appellant, v. Allen S. Bushnell et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Ford county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

### Statement of the Case.

Bill in chancery filed by Oscar H. Wylie, individually and as trustee under the last will and testament of Sherrill P. Bushnell, deceased, complainant, against Allen S. Bushnell, Caroline Bushnell, Emily J. Wylie, Samuel M. Wylie, Winifred White, Howard Bushnell, Ethel B. Waring, Horace L. Bushnell and Emily Bushnell, defendants, asking that a report of the complainant's acts and doings as trustee be approved. After the filing of the bill, Allen S. Bushnell filed his bill in chancery in the same court, asking the removal of the complainant as such trustee for reasons set forth in the

"See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

bill. The two causes were later consolidated for hearing and determination.

The court's decree, in which it was first, in general terms, found that appellant had not faithfully performed his duty as trustee, contained special findings, the substance of which is as follows:

1. That complainant had never made an inventory of the funds that had come into his hands as trustee and had never filed in the County Court any proper inventory as executor from which the amount which should be charged to him as trustee can be ascertained.

2. That he had never kept any books of accounts as such trustees; that the only data kept by him of his receipts and disbursements as such trustee consisted of letters, statements, receipts and other memoranda kept in envelopes, some of which were originals and some duplicates, from which no reliable statement could be made showing the true condition of his accounts as such trustee.

3. That a number of reports filed by him in the County Court in the belief that they were correct differed so widely from each other and from the report filed with his bill as to indicate his inability to state a correct account.

4. That by lack of due diligence a debt of $240 due the estate from a tenant at the time of the death of the testator was lost.

5. That he released without authority or the consent of the residuary legatees a mortgage and the indebtedness secured thereby due the estate from Allen S. Bushnell and Caroline Bushnell to the amount of $1,250.

6. That he has never had an appraisement of the personal estate of the testator or paid all the debts of the estate or settled the estate in the County Court, although eight years have passed since the death of the testator, although to do so was necessary in order

to determine the amount with which he should charge himself as trustee.

7.   That he has never made any detailed statement in writing to the *cestuis que trust* of the amounts of his receipts or disbursements as trustee, but has reported to them such facts only verbally and in a general way.

8.   That the report submitted with his bill is not a proper or sufficient report.

9.   That by reason of his failure to discharge his duties as executor and trustee, ill feeling exists between him and some of the *cestuis que trust*.

10.   That he has taken credit for $2,117.38 for his services as trustee and that one-half of that amount, or $1,058.69, is adequate.

11.   That he should be removed as such trustee and a suitable person appointed in his stead.

The decree then ordered that complainant charge himself with the $240 he so negligently failed to collect and with the $1,058.69 with which he has overcharged the fund for his own compensation; that the said Allen S. and Caroline Bushnell pay into court for the benefit of the trust fund the $1,250 which was improperly released to them by complainant, together with accrued interest thereon; that complainant as executor promptly close up the estate in the County Court and then file in the Circuit Court a true inventory of all the property, both real and personal, in his hands as trustee and report, showing in detail clearly every item of money that has come into his hands as such trustee and every item of expenditure of the same with the date when the person to whom and the purpose for which the same was paid up to January 1, 1910, and a second report of the same kind not later than April 1, 1915, covering the time from January 1, 1910, to the date of such second report; that upon such inventory and reports being approved, another trustee will be appointed to whom appellant shall

turn over and transfer all the funds and property in his hands as trustee, and that he shall then be relieved from the further execution of the trust; that complainant's bill be dismissed for want of equity and that he personally pay the costs of the litigation.

GREEN & PALMER, for appellant.

CLOUD & THOMPSON, BEACH & TRAPP, SCHNEIDER & SCHNEIDER and FRANK LINDLEY, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. TRUSTS, § 125*—*when decree for removal of trustee and accounting proper.* On a bill to remove a trustee, a decree finding the trustee incompetent to act as such and ordering him to render a proper account, to charge himself with a debt due the estate, which was lost because of his lack of diligence, with an overcharge for his services, and to turn over the funds in his hands to a new trustee to be appointed by the court, *held* justified by the evidence and warranted by the law applicable to the facts shown.

2. TRUSTS, § 125*—*when trustee may be removed.* A trustee who is shown to be incompetent to act as such, may be removed though there is no showing that he has been dishonest in the management of the estate.

3. EXECUTORS AND ADMINISTRATORS—*when cancellation of debt by executor fraudulent.* The cancellation by an executor of a debt due the estate, though made with the consent of certain legatees, *held* in fraud of the rights of the residuary legatees and justifying a decree ordering the debtor to pay such debt to the estate.

4. TRUSTS, § 218*—*when compensation of trustee reduced.* A reduction of a trustee's compensation for services to half what he had taken credit for, *held* not an abuse of the discretion lodged in the court, where he was shown to have been guilty of carelessness and lack of diligence in the management of the estate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.